## 26075. TAYLOR v. JORDAN.

DECIDED APRIL 19, 1937. REHEARING DENIED MAY 22, 1937.

*W. A. Thomas,* for plaintiff in error. *Lawton Nalley,* contra.

SUTTON, J. W. E. Jordan sued P. D. Taylor for $103.49. The plaintiff and the defendant were formerly partners under the firm name of Jordan & Company, and had been engaged in buying and selling mules and horses in and around Atlanta. Taylor furnished the money, and Jordan devoted his time to the business of buying and selling the live stock, and they were to share equally in the profits and losses. A truck to be used in connection with the partnership business was purchased at a cost of $706.98, and Taylor furnished the money to pay for it. The truck was sold at a loss of $206.98 when the partnership business was terminated, and the entire amount of the loss was charged against the plaintiff by the defendant. The partnership had been dissolved and the affairs thereof settled, except as to the one item of loss on the truck, and the plaintiff's suit was for one half of that amount. The plaintiff contended that the truck was a partnership asset; that it was bought and used in the partnership business, and that when it was sold, after several months use in said business, the difference between the purchase price and the selling price, namely $206.98, was a partnership loss that should be borne equally between the plaintiff and the defendant. This was denied by the defendant, who contended, that, although he furnished the money to pay for the truck, it was purchased by and belonged to the plaintiff, and that the loss sustained in the sale thereof, when the partnership business was terminated, was properly charged to the plaintiff. So, the issue on the trial was whether the truck was a partnership asset or the property of the plaintiff. The evidence was conflicting; but the plaintiff testified, in part, that "He charged my account with the business the full sum of the loss between $500, for which it was sold, and $706.98. I did not agree to that. There was nothing else in the partnership business except buying and selling mules and hauling for other people. The

only dispute in the whole transaction was whether or not Taylor should share one half the loss of the truck used in the partnership business. When we bought the truck I told him I would not furnish no truck and stand the loss on the truck, and he said: 'You can't afford to do that. I wouldn't ask you to do it. Whenever we get through with the truck, we will sell it and do it just like a little car we had before, and whatever it loses each one will lose his part.'"

This case is different on its facts from *Tutt* v. *Land,* 50 *Ga.* 339, cited and relied on by the plaintiff in error. In the present case, according to the plaintiff's evidence, it was agreed that the parties would share equally in whatever loss there might be on the truck. There was evidence to authorize the judgment of the trial judge in favor of the plaintiff; and no error of law appearing, the judgment of the appellate division of the municipal court affirming said judgment will not be disturbed.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*